**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-2726-RMR

REYNA PARADA JARQUIN,

      Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement, in his official capacity,
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

      Respondents.

---

**ORDER**

---

On July 2, 2026, the Court granted Petitioner's Application for Writ of Habeas Corpus and ordered Respondents to provide Petitioner a bond hearing no later than July 7, 2026. ECF No. 12. On July 9, 2026, Respondents filed a Status Report informing the Court that Petitioner received a bond hearing on July 7, 2026 and that the Immigration Judge ("IJ") denied bond based on a finding that Petitioner presented a flight risk and is a danger to the community. ECF No. 13. On July 17, 2026, Petitioner filed the instant Motion to Enforce Judgment. ECF No. 14. Respondents have not filed a response.

In his Motion, Petitioner argues that Respondents have not complied with the Court's order by "(1) permitting the IJ to conduct the bond hearing without ensuring that the government bore the required burdens of proof—namely, demonstrating flight risk by a preponderance of the evidence and dangerousness to the community by clear and convincing evidence— and, instead, and (2) blatantly shifting the burden onto Ms. Parda Jarquin to demonstrate that she was not a danger to the community or a flight risk." ECF No. 14 at 2. On the day of the bond hearing, the Department of Homeland Security ("DHS") submitted documents related to the two dismissed criminal charges against Petitioner in the District of Wyoming to support her continued detention, including: (1) the Dismissal of Indictment, (2) Order Granting Leave to File Dismissal of Indictment, (3) Motion for Leave to File Dismissal of Indictment, (4) Agreement for Pretrial Diversion Services, (5) Order Excluding Time from Speedy Trial Time Limit, (6) Receipts from Rocky Mountain Collection Agency, (7) the Criminal Complaint, (8) Sworn Statement of Deportation Officer in Support of the Criminal Complaint, and (9) Penalty Summary. ECF No. 14 at 3-4. Petitioner submitted rebuttal evidence, including her history of employment, filing taxes, and family ties. *Id.* at 4.

Petitioner argues that Immigration Judge Masters failed to comply with this Court's Order requiring DHS to meet its burden of proof at the bond hearing. According to Petitioner, Immigration Judge Masters' declaration that "DHS bear[s] the burden of proof to demonstrate by clear and convincing evidence that [Petitioner] is a danger to

community or a flight risk" was "mere lip service."[1] *Id.* at 9. Petitioner argues that "[t]he record does not substantiate the claim that the Immigration Court required DHS to sustain the burden to prove that Ms. Parada Jarquin is a danger or a flight risk." *Id.* Additionally, Petitioner alleges "the Immigration Court did not analyze whether DHS had sustained its burden before requiring rebuttal evidence from Ms. Parada Jarquin, nor did she distinguish between DHS' evidence and rebuttal evidence presented by Ms. Parada Jarquin." *Id.* at 10. Finally, Petitioner contends that even if Immigration Judge Masters analyzed the evidence under the appropriate standard, DHS did not meet that standard. *Id.* at 11-12. Petitioner notes that DHS impermissibly relied on her own rebuttal evidence to support their claim that she is a flight risk. *Id.* at 13-14. In particular, Petitioner takes issue with DHS' reliance on Petitioner's Notice of Appeal filed the day she was arrested by Immigration and Customs Enforcement ("ICE"). *Id.* at 4.

In her "Bond Decision of the Immigration Judge," Immigration Judge Masters correctly states the legal standard and the Court's order that "DHS bears the burden of proof to demonstrate by clear and convincing evidence that [Petitioner] is a danger to community or a flight risk." ECF No. 14-1 at 3-4. Immigration Judge Masters explains that DHS met its burden because Petitioner was accused of identity theft. *Id.* at 4. She notes that the charges were dismissed. *Id.* Additionally, Immigration Judge Masters references the immigration court's May 18, 2026 denial of Petitioner's EOIR 42b Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents

---

[1] The Court will refer to Petitioner as "Petitioner" throughout this Order, although she is "Respondent" in the immigration court proceedings.

and order of removal to Mexico. *Id.* at 4. Immigration Judge Masters recites the immigration court's finding that Petitioner's "criminal conduct weighs heavily against her" and "that she has not met her burden to show that she merits a favorable exercise of discretion because she intentionally and fraudulently used the identity of a United States citizen, for approximately fourteen years, from 2006 until 2020." *Id.* She also finds that Petitioner presents a risk of flight based on her order of removal to Mexico noting that Petitioner's "limited options to lawfully remain in the United States and the speculative likelihood that relief from removal would be granted substantially increase[d] her flight risk because she has little incentive to appear for future immigration proceedings." *Id.* at 5. Immigration Judge Masters concludes that "DHS met its burden to prove by clear and convincing evidence[ that Petitioner] does pose a risk of danger to persons or property and a flight risk." *Id.*

This Court ordered Respondents provide Petitioner a bond hearing where "the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that her physical custody is legally justified." ECF No. 12. Indeed, Immigration Judge Masters conducted a bond hearing by the deadline ordered by this Court. Respondents filed their Status Report in compliance with the Court's order and notified the Court that Petitioner had received a bond hearing and that the bond was denied. ECF No. 13. Petitioner argues that the bond hearing did not comply with the Court's Order, because Immigration Judge Masters did not use the correct standard and she relied on Petitioner's rebuttal evidence, rather than DHS' evidence.

When the government must prove that a noncitizen is a danger to the community or a flight risk, the immigration court may consider evidence submitted by the noncitizen. However, "the strength or paucity of that evidence cannot substitute for the government's obligation to establish danger or flight risk by clear and convincing evidence in the first instance." *Arrendondo v. Baltazar*, Case No. 1:25-cv-03040-RBJ, ECF No. 26 (D. Colo. Dec. 18, 2025). "Only after the IJ is satisfied that the evidence proffered by DHS, standing on its own, establishes 'a firm belief or conviction' that release on bond is not warranted should the court consider whether the noncitizen's evidence sufficiently rebuts, mitigates, or undermines the government's showing." *Id.* In *Arrendondo*, DHS submitted documents and the petitioner responded with rebuttal evidence. *Id.* at 10. The immigration judge did not make any oral findings but issued a written decision relying on "evidence submitted by both parties interchangeably." *Id.* at 11. Senior Judge Jackson concluded that it was "impossible to discern whether the government's evidence, standing alone, satisfied its clear-and-convincing burden." *Id.*

Here, it is similarly unclear to the Court whether DHS' evidence, standing alone, satisfied its clear and convincing burden. The only piece of evidence Immigration Judge Masters cited was the immigration judge's written decision denying Petitioner's EOIR 42b, which was offered as rebuttal evidence by the Petitioner. During the bond hearing itself, counsel for DHS did not reference or rely on the immigration judge's written decision. ECF No. 14-4 at 3. Therefore, the Court cannot determine whether DHS indeed satisfied its burden. "To prove a fact by clear and convincing evidence is a heavy burden that equates to showing the fact is 'highly probable.'" *Mejia v. Baltazar*, No. 26-CV-00385-NYW-TPO,

2026 WL 1361514, at *2 (D. Colo. May 15, 2026) (quoting *United States v. Dear*, 104 F.4th 145, 147 (10th Cir. 2024)). The record is not clear as to whether DHS provided clear and convincing evidence that Petitioner is a danger or flight risk. Therefore, the Court agrees with Petitioner that Respondents did not satisfy their burden of proving by clear and convincing evidence that she is a danger or flight risk and that her bond hearing did not comply with the Court's orders.

The Court previously stated that "[i]f Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required [by the Court], Petitioner must be immediately released from detention." ECF No. 12 at 4. Because Respondents did not provide the ordered bond hearing and did not prove by clear and convincing evidence that Petitioner is a danger to the community, the Court finds the appropriate remedy is immediate release. *Mejia*, 2026 WL 1361514, at *5 (finding order of immediate release warranted because, "the Court signaled that if Petitioner did not receive a compliant bond hearing, immediate release would be appropriate.").

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that:

1. Petitioner's Motion to Enforce Judgment (ECF No. 14) is **GRANTED**;

2. Respondents failed to comply with the Court's order to provide Petitioner with a bond hearing by July 7, 2026, where Respondents shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified;

6

3. Because Respondents failed to prove, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified, Respondents must immediately release Petitioner; and

4. On or before **July 31, 2026**, Respondents shall file a status report certifying compliance as to Petitioner's release.

DATED: July 29, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge